McKinney, J.
delivered, the opinion of the court.
This is a petition filed in the circuit court of Maury county, praying that a mandamus may issue to the defendant to compel him, as clerk of the county court of said county, to issue license to the petitioner as a retail merchant, which he had refused to do. The facts of the case are as follows : — F-or some time prior to the first of January, 1847, the petitioner and one John Williams were partners in the mercantile business in the town of Columbia. At the date aforesaid, they dissolved partnership and divided their stock of goods; and on division the share retained by the petitioner amounted to between ten and eleven thousand dollars. With these goods, and an additional purchase subsequently made by him in the eastern cities, in his own name, amounting to between seven and ten thousand dollars, the petitioner desired to continue business in said town of Columbia, in his own name .and for his own individual benefit. With this view he applied to the defendant, as clerk of the county court, for license as a retail merchant, pursuant *291 to the act of 1835, ch. 13, and tendered to the defendant $97, being the tax due, according to the fifth section of said act, upon the amount of his' last purchase, but insisted that he was not bound to pay any tax upon the amount of his old stock of goods, the tax upon the same having been previously paid by the partnership during its continuance; and that a second tax upon the same identical goods could not be demanded. The defendant claimed the payment of $134 50, being the amount of tax due by said act upon the aggregate stock of old and new goods, and refused to issue license unless this sum were paid; the license demanded, being for the sale of the old as well as the' new goods. His honor, the circuit judge, was of opinion that the petitioner was entitled to license upon payment of the sum tendered by him, and awarded a peremptory mandamus: and the attorney general, on behalf of the state, prosecuted an appeal to this court.
The only question is, whether or not the petitioner was liable to pay any tax on such portion of his stock as consisted of the old goods received by him from the firm of R. R. Mayes & Co., and upon which the tax had been previously paid by said firm, as part of their aggregate stock.
We are of opinion that he was liable and bound to pay the amount of tax due by law upon his entire stock of goods, as required by the defendant.
By the fifth section of the act above referred to, each retail merchant in this state, is required annually to obtain a license from the clerk of the county court of the county wherein he may wish to sell or to vend goods, wares or merchandize other than the growth or manufacture of this state, for which he shall either pay a gross sum by way of tax regardless of the amount of capital, by him employed; or, at his election a graduated tax proportioned to the capital employed, as prescribed in said section. By the 7th section, each retail merchant shall, before commencing business, render on oath to *292 the clerk of the county court, in the manner required by the 5th section, a correct statement of the amount of goods, wares and merchandize with which he is about to commence business, at the invoice cost when purchased. And shall furthermore enter into bond with approved security before said clerk, in the sum of $500, payable to the governor, &c., with condition, that such applicant for license will, twelve months after the date of such bond, render on oath to said clerk, a just and true statement of the amount of goods, wares and merchandize he may have received and opened for sale since the last license; and shall pay to the clerk the amount of tax that may arise and be due thereon, according to the rule prescribed by this act. This section further requires, that at the expiration of every twelve months after obtaining the first license, a like statement shall be made on oath; and the clerk is required to issue license.
The 9th section'provides, that the license shall be void after the expiration of one year; and authorizes a new license to be issued,x upon payment of the tax due on the amount of goods received since the date of the expired license; and that such new license shall be good authority for one year, for the selling of all goods, wares and merchandize then on hand, as well those embraced in the previous license, as those which were received since its date.
The 8th section, which has been repealed, authorized any person, having obtained license, on removing to another county, to enjoy the same benefit under such license in the county to which he removed, as though there had been no change of residence. It likewise authorized any person who might sell or dispose of his stock of goods, to transfer the license to the purchaser, who might sell under such license, as if issued to himself.
The repeal of this section leaves the general and unquali- *293 ficd provisions of the law above recited in full force and operation, without any exception whatever.
The permission, or license, to retail goods, wares and merchandize in this state, is one of the privileges made subject to taxation under our constitution and laws; and each and every person, without exception, desiring to exercise such privilege, is required, before commencing business, to pay the tax required by the fifth section of the act. The tax is upon the privilege itself, rather than upon the goods; although the amount of such tax is graduated, at the election of the applicant for license, according to the value of the stock or capital in trade, in the mode prescribed in the fifth section. The seventh section, in express terms, requires that each and every retail merchant in this state, before commencing business, shall render on oath, to the clerk, a correct statement of the amount of goods, wares and merchandize with which he is about to commence business. This statement must embrace his entire stock of goods intended to be sold; because the amount of the tax to be paid for license, or permission to sell, depends upon and is ascertained by the amount or value of such entire stock. This is a personal privilege to the individual to whom the license is granted — it cannot in any manner be transferred to another, nor can any person, as the law now stands, under any possible circumstances, be permitted to exercise it, without first obtaining license in the mode prescribed in the fifth section. The petitioner in this case, cannot resist the payment of the tax required by law, because a former owner of the same goods, or part thereof, had previously paid a tax for license or permission to vend them.
This in no way affects his liability to pay the tax required for*the personal privilege which he seeks to exercise. If the same stock of goods were sold to a dozen different persons within the period of twelve months, each successive purchaser *294 before commencing business, would be required for himself to obtain license and pay the tax prescribed by law, regardless of the license obtained, or tax paid by the previous owner or owners of the goods. This may seem a great hardship; it is not the province of the court, however, to provide the remedy; when the law has made no exceptions, none can be created by the court.
'The judgment of the circuit court will be reversed, and the petition of the relator be dismissed.